**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 97-60034

(Summary Calendar)
_____

LEVESTER HICKMAN,

                                    Petitioner-Appellant,

versus

STATE OF MISSISSIPPI; MICHAEL C MOORE, State
Attorney General,

                                    Respondents-Appellees.

_____

Appeal from the United States District Court
For the Southern District of Mississippi
(4:96-CV-92-LN)

_____

August 12, 1997
Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Levester Hickman, a Mississippi prisoner proceeding *pro se*,
appeals the district court's denial of his petition for writ of
habeas corpus.  We affirm.

I

----------------------------------------

    [*]   Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

At approximately one o'clock in the morning on June 27, 1992, noises in her house in Neshoba County, Mississippi, awakened Polly Brumfield. Before Brumfield could complete a 911 telephone call, Hickman ran across her bed and knocked the phone out of her hand. Hickman threw Brumfield on the bed, held a knife to her throat, and told her that he intended to assault her sexually.

In an effort to stall for time, Brumfield spoke to Hickman about troubles with his girlfriend, offered Hickman a root beer, went to the bathroom, and requested a cigarette. At one point, Brumfield attempted to escape through the front door, but Hickman caught her in the living room. He threw her to the floor, restrained her, and told her that he would kill her if she tried to escape again.

Hickman then attempted sexual intercourse with Brumfield. After his attempt failed, he performed various sexual acts on her. After approximately thirty minutes, Hickman fell asleep next to Brumfield. Brumfield then escaped to a neighbor's house.

Officer Donnie Atkins arrived at the neighbor's house, heard Brumfield's version of the events, and went to Brumfield's residence. Officer Atkins found Hickman asleep on the floor in his underwear. Officer Atkins arrested Hickman, handcuffed him, and placed him in the patrol car. Officer Atkins then returned to the Brumfield residence to continue his investigation. When he returned to his patrol car, Hickman had escaped. Police recaptured Hickman later the same day. In a statement given that day,

-2-

Hickman's account of the events prior to his arrest substantially coincided with Brumfield's account.

A Neshoba county grand jury indicted Hickman in a multiple count indictment on July 9, 1992; trial commenced on July 14, 1992. Hickman admitted at trial to breaking into Brumfield's residence. He claimed, however, that he entered Brumfield's house to ask her to kill him. He admitted to touching her, but denied that he attempted to rape her. He also denied threatening Brumfield or physically restraining her.

The jury convicted Hickman of burglary of an inhabited dwelling, attempted rape, sexual battery and escape. The trial court sentenced Hickman to eighteen years for sexual battery, twelve consecutive years for burglary of an inhabited dwelling, five concurrent years for attempted rape, and one concurrent year for felonious escape. A Mississippi appellate court affirmed Hickman's conviction and sentence on direct appeal.

On July 11, 1996, Hickman filed a request for federal habeas corpus relief pursuant to 28 U.S.C. § 2254.[1] A magistrate judge

---

[1] We find no indication that Hickman filed a petition for habeas relief in Mississippi state court. In its district court answer to Hickman's federal habeas petition, the state asserts that Hickman exhausted his state remedies with respect to his ineffective assistance of counsel claim and "that any further return to state courts on this issue would be futile." Thus, the state has expressly waived the exhaustion requirement. *See* 28 U.S.C. § 2254(b)(3), *as amended by* Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the

recommended dismissal of Hickman's petition with prejudice.  The district court adopted the magistrate judge's recommendation, denying Hickman's petition for writ of habeas corpus and dismissing his petition with prejudice.  The district court granted Hickman a certificate of appealability ("COA") on the issues of whether Hickman's trial counsel and appellate counsel rendered ineffective assistance.  Hickman appeals.

II

As a threshold matter, we must determine the issues we will consider.  Hickman raises on appeal the two issues for which the district court granted a COA, as well as several other issues.  Specifically, he alleges violation of his rights under the double jeopardy clause and under *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1962).  He also asserts denial of a fair trial because the jury did not include any minorities and contends that the indictment contained an improper escape charge.

Hickman did not raise these latter four issues in his original habeas petition in district court.  Therefore, we will not consider

_____

requirement.").  Moreover, Hickman's apparent failure to exhaust state remedies does not bar our consideration of the merits of his federal habeas petition.  "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(2), *as amended by* Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996).

them on appeal. *See Johnson v. Puckett*, 930 F.2d 445, 448 (5th Cir.) ("We have repeatedly held that a contention not raised by a habeas petitioner in the district court cannot be considered for the first time on appeal from that court's denial of habeas relief."), *cert. denied*, 502 U.S. 890, 112 S. Ct. 252, 116 L. Ed. 2d 206 (1991); *United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990) (per curiam) ("If a defendant in habeas proceedings did not raise his claims before the district court, we do not consider them on appeal.").

Thus, we turn to Hickman's ineffective assistance of counsel claims. First, he contends that his trial counsel's performance was deficient because the attorney failed to use a Choctaw interpreter when interviewing Hickman, failed to object to the multiple count indictment, failed to secure affordable bail, and failed to object to the jury composition. He also appears to argue that because his trial counsel was later disbarred for failing to file appellate briefs in several cases (including Hickman's), his counsel's performance at trial in Hickman's case was necessarily ineffective.[2]

To establish ineffective assistance of counsel, Hickman must demonstrate both deficient performance by his trial counsel and prejudice resulting from that deficiency. *Strickland v.*

---

[2] The court appointed new counsel to represent Hickman on appeal.

*Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). To show that his trial counsel's performance was deficient, Hickman must show that his attorney "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.*, 104 S. Ct. at 2064. To demonstrate prejudice from his trial counsel's deficient performance, Hickman must show that his attorney's errors "were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*, 104 S. Ct. at 2064. Failure to establish either prong defeats the claim. *Id.*, 104 S. Ct. at 2064.

Even assuming deficient performance by his trial counsel, Hickman cannot satisfy the exacting *Strickland* standard because he cannot demonstrate prejudice as a result of his attorney's performance. None of the errors Hickman alleges demonstrates "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different," *id.* at 694, 104 S. Ct. at 2068, or that the result of the trial is unreliable. *Id.* at 687, 104 S. Ct. at 2064. The evidence against Hickman was extensive, and included his own trial testimony that he used a ladder to enter Brumfield's home, that he attempted intercourse with her, and that he performed a sex act on her. In addition, Brumfield testified to the events; her neighbor and a police officer corroborated her testimony. Nor does the fact

that Hickman's trial counsel was later disbarred, by itself,

demonstrate that the outcome of Hickman's trial would have been

different but for counsel's alleged errors. *See id.* at 691, 104 S.

Ct. at 2067 ("An error by counsel, even if professionally

unreasonable, does not warrant setting aside the judgment of a

criminal proceeding if the error had no effect on the judgment.").

In sum, Hickman has not established that his trial counsel rendered

him constitutionally defective assistance.[3]

Hickman states without elaboration that his appellate counsel

denied him effective assistance by failing to obtain "enough

evidence" in Hickman's favor. This bare allegation does not

preserve this claim for appeal. *See Price v. Digital Equip. Corp.*,

846 F.2d 1026, 1028 (5th Cir. 1988) ("Although we liberally

construe the briefs of pro se appellants, we also require that

---

[3] We note with respect to Hickman's claim that his trial attorney failed to object to the jury composition that Hickman does not argue that the prosecutor improperly excluded minorities from the jury in violation of *Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986). Rather, he appears to claim that the jury was not fairly representative of the community because it allegedly did not contain African-Americans and Native Americans. However, he provides no argument regarding the composition of the venire panel, the proportion of African-Americans and Native Americans in the community or the jury selection procedure used by the state court. *See Duren v. Missouri*, 439 U.S. 357, 364, 99 S. Ct. 664, 668, 58 L. Ed. 2d 579 (1979) ("In order to establish a prima facie violation of the fair-cross-section requirement, the defendant must show (1) that the group alleged to be excluded is a 'distinctive' group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process.").

arguments must be briefed to be preserved.") (citations omitted); Fed. R. App. P. 28(a)(6) ("The argument must contain the contentions of the appellant on the issues presented, and the reasons therefor, with citations to the authorities, statutes, and parts of the record relied on."); *cf. Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993) (holding that *pro se* appellant abandons arguments by failing to argue them in body of brief).

Hickman also appears to assert that his appellate counsel did not adequately argue his ineffective assistance of trial counsel claim on direct appeal because appellate counsel did not mention that Hickman's trial attorney had sought removal from the case prior to trial. Review of the brief submitted by appellate counsel on direct appeal, however, reveals that counsel specifically argued that Hickman received constitutionally defective assistance from his trial attorney, noting examples of alleged ineffective assistance. The fact that counsel did not specifically note Hickman's trial attorney's request for removal prior to trial does not warrant a finding of ineffective assistance of appellate counsel. *See Sharp v. Puckett*, 930 F.2d 450, 452 (5th Cir. 1991) (stating that counsel is not ineffective by failing to raise on appeal issues requested by defendant or by failing to raise "every possible point on appeal").

Hence, for the foregoing reasons, we AFFIRM the district court's denial of Hickman's petition for habeas relief. We GRANT

Hickman's motion to file his reply brief out of time.  We DENY Hickman's motion "to have plaintiff examined of individual comprehensive," motion for an appeal bond, and motion for transfer to another correctional facility.

AFFIRMED.  MOTION TO FILE REPLY BRIEF OUT OF TIME GRANTED. ALL OTHER PENDING MOTIONS DENIED.